IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES of the CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, and CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE & TRAINEE PROGRAM FUND, <br><br> Plaintiffs, <br><br> v. <br><br> JOYCE INSTALLATION COMPANY, LLC, f/k/a CHICAGO INSTALLATION COMPANY, LLC, and JOYCE BROTHERS STORAGE & VAN CO, <br><br> Defendants. | Case No. 10 C 3456 <br><br> Judge Hibbler <br><br> Magistrate Judge Ashman |

**PLAINTIFFS MOTION FOR JUDGMENT CONSISTENT
WITH THE TERMS OF THE SETTLEMENT AGREEMENT**

Plaintiffs, the Trustees of the Chicago Regional Council of Carpenters Pension Fund et al. ("the Trust Funds"), through their attorney David P. Lichtman, request that this Court enter judgment against Defendants Joyce Installation Company, LLC, f/k/a Chicago Installation Company LLC ("Joyce Installation), and Joyce Brothers Storage & Van Co. ("Joyce Brothers"). In support of this Motion, Plaintiffs state as follows:

1. On June 7, 2010, this cause of action was filed by the Plaintiffs under the Employment Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §1132 and under the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. §185(a) seeking unpaid contributions owed to the Trust Funds by Joyce Installation.

2. On August 23, 2010, the Plaintiffs amended their complaint, adding Joyce Brothers as party Defendant, and alleging, *inter alia*, single-employer / alter-ego

theories of liability against both Joyce Installation and Joyce Brothers for all unpaid contributions and audit liabilities. **(Ex. A, First Amended Complaint)**

3. In or around October 2010, the Parties entered into a Settlement Agreement whereby the Defendants agreed (i) to pay the aggregate amount of $300,000.00 ("Settlement Payment") by way of six installments per month of $50,000.00 ("installment payments"), the first payment to be due on October 1, 2010; and (ii) to remain current on monthly reporting obligations. **(Ex. B, Settlement Agreement, ¶¶2, 4)**

4. The Settlement Payment of $300,000.00 represented unpaid contributions for months prior to June 2010. **(Ex. B, Settlement Agreement, ¶ 2)**

5. The Settlement Agreement provides that upon default, the "entire amount of the remaining Settlement Payment" shall be due and owing, and that the "Trust Funds shall be entitled to immediately obtain a judgment in the pending federal lawsuit for the full amounts owed to the Trust Funds, along with attorney fees expended in enforcing the collective bargaining agreement, which fees shall be determined by the court." **(Ex. B, Settlement Agreement, ¶ 5)**

6. To date, the Defendants have submitted payments totaling $187,635.22. In accordance with the Defendants' instructions, of the $187,635.22 paid, $106,135.43 represented installment payments, and $81,499.79 represented the Defendants' ongoing monthly contribution payments. **(Ex. C, Affidavit of John Libby, ¶¶ 7, 8, 10)**

9. As of January 1, 2011, the Defendants were to have remitted four installment payments totaling $200,000.00. To date, just $106,135.43 has been paid. **(Ex. C, Affidavit of John Libby ¶¶ 8, 9)**

10. Pursuant to the Settlement Agreement's default provision, paragraph 5 of

Exhibit B, as a result of the Defendant's failure to make timely installment payments, the Trust Funds are entitled to a judgment for all amounts due and owing, which shall include the balance owed on the Settlement Payment, or $193,864.57.

11  In addition, the Defendants failed to stay current on their monthly contribution obligations as required by paragraph 4 of the Settlement Agreement. The Defendants submitted contribution reports between July 2010 and December 2010; however, (i) they failed to remit the ERISA contribution payments in a timely manner, and (ii) they failed to submit the ERISA contributions shown to be owed in the amount of $35,511.12 for the months of November 2010 through December 2010. The Defendant also failed to remit the union dues it withheld from employees' wages. The amount of dues withheld is $2,079.24 for the period November 2010 through December 2010. **(Ex. C, Affidavit of John Libby ¶¶10 - 12)**

12.  The Defendants owe interest on the unpaid ERISA contributions for the period November 2010 through December 2010 in the amount of $80.82 pursuant to the Trust Agreements and 29 U.S.C. §1132(g)(2)(B). **(Ex. C, Affidavit of John Libby ¶ 13)**

13.  The Defendants owe liquidated damages on the untimely ERISA contributions in the amount of $3,113.28 for the period July 2010 through December 2010 pursuant to the Collective Bargaining Agreements, the Trust Agreements and 29 U.S.C. §1132(g)(2)(C)(iii). **(Ex. C, Affidavit of John Libby ¶ 12)**

14.  The Settlement Agreement in paragraph 5 provides that attorneys' fees are to be included in a judgment for the Trust Funds' efforts to enforce the collective bargaining agreement. Pursuant to ERISA §1132(g)(2), reasonable attorneys' fees are owed by the delinquent employer for all work performed in the collection of unpaid

contributions. The Defendants owe the sum of $ 10,115.00 for necessary and reasonable attorney fees and costs of $ 405.00 which are collectible under the terms of the Collective Bargaining Agreement, the Trust Agreements and 29 U.S.C. §1132(g)(2)(D). **(Exhibit D, Affidavit of David P. Lichtman)**

WHEREFORE, Plaintiffs pray that their motion be granted and that this Court enter judgment against Joyce Installation Company, LLC, f/k/a Chicago Installation Company LLC, and Joyce Brothers Storage & Van Co., jointly and severally, for the total amount of $245,169.03.

                                                Respectfully submitted,
/s/ David P. Lichtman
Attorney for Plaintiffs

David P. Lichtman (#6290051)
Whitfield, McGann & Ketterman
111 E. Wacker Dr., Suite 2600
Chicago, IL 60601
(312) 251-9700

contributions. The Defendants owe the sum of $ 10,115.00 for necessary and reasonable attorney fees and costs of $ 405.00 which are collectible under the terms of the Collective Bargaining Agreement, the Trust Agreements and 29 U.S.C. §1132(g)(2)(D). **(Exhibit D, Affidavit of David P. Lichtman)**

WHEREFORE, Plaintiffs pray that their motion be granted and that this Court enter judgment against Joyce Installation Company, LLC, f/k/a Chicago Installation Company LLC, and Joyce Brothers Storage & Van Co., jointly and severally, for the total amount of $245,169.03.

Respectfully submitted,
/s/ David P. Lichtman
Attorney for Plaintiffs

David P. Lichtman (#6290051)
Whitfield, McGann & Ketterman
111 E. Wacker Dr., Suite 2600
Chicago, IL 60601
(312) 251-9700